UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 16-151-HRW

LOUISA LODGING, LLC                                                    PLAINTIFF,

v.                          **MEMORANDUM OPINION AND ORDER**

FALLS CREEK, INC.                                                      DEFENDANT.

This matter is before the Court upon Defendant Falls Creek, Inc.'s Partial Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 22]. The motion has been fully briefed by the parties [Docket Nos. 22-1, 25 and 26]. For the reasons stated herein, the Court finds that the Amended Complaint fails to state a claim under 42 U.S.C. § 1981 or 42 U.S.C. § 1982 upon which relief can be granted. Therefore, Counts II and III of the Amended Complaint will be dismissed.

I.

This case arises from the purchase and sale of the Super 8 Motel in Louisa, Kentucky and the appurtenant assignment of the property lease to the purchaser, between Louisa Lodgers, LLC and Falls Creek, Inc. The purchaser, Louisa Lodgers, LLC, brought this civil action against the seller, Falls Creek, Inc., alleging that Falls Creek, Inc. violated the terms of the Ground Lease agreement and discriminated against its members on the basis of their national origin of the members of its LLC, to-wit, South Asian.

Plaintiff filled its original Complaint against Falls Creek, Inc. in the Circuit Court of

Lawrence County, Kentucky. The case was removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1331 and 1441. [Docket No. 1]. Shortly thereafter, Defendant filed a Motion to Dismiss the portions of the Plaintiff's Complaint which sought relief under Title VII of the Federal Civil Rights Act of 1964 ("Title VII), the Immigration Reform and Control Act of 1986 ("IRCA") and the Kentucky Constitution as such claims were not colorable under applicable State and Federal law. [Docket No. 15]. In response to the motion, Plaintiff conceded that the specific causes of action were not tenable and sought leave to amend its Complaint. [Docket Nos. 16 and 17]. This Court granted Plaintiff leave to amend its Complaint and overruled the Defendant's motion as moot. [Docket No. 18].

Plaintiff's Amended Complaint seeks a declaration as to the parties' rights under the Ground Lease agreement and alleges violations of 42 U.S.C. §§ 1981 and 1982. [Docket No 19].

Defendant seeks to dismiss Counts II and III of the Amended Complaint, which purport to allege violations of 42 U.S.C. §§ 1981 and 1982. Specifically, in these Counts, Plaintiff alleges that Defendant discriminated against its members upon the basis of national origin.

## II.

Dismissal of a complaint is warranted under Fed.R.Civ.P. 12(b)(6) if it fails to state a claim upon which relief can be granted. With respect to a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Sixth Circuit Court of Appeals explained in *Estate of Ezra G. Smith v. United States,* 509 Fed.Appx. 436 (6th Cir. 2012) that:

> [t]he Supreme Court held in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) that to survive a motion to dismiss under Rule 12(b)(6) a complaint must contain (1) enough facts to state a claim to relief that

is plausible; (2) more than a formulaic recitation of a cause of actions' elements; and (3) allegations that suggest a right to relief above a speculative level. (internal citation omitted)...A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (internal citation omitted)...For a complaint to survive a motion to dismiss, the non-conclusory factual content and the reasonable inferences from that content, must be plausibly suggestive of a claim entitling a plaintiff to relief. (internal citation omitted) Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief.

*Estate of Ezra G. Smith*, 509 Fed.Appx. at 439.

"Conclusory assertions, *e.g.*, that...[the] defendants engaged in 'outrageous' and 'unlawful' behavior...are insufficient to state a claim that is plausible on its face." *Ogle v. Columbia Gas Transmission, LLC,* 513 Fed.Appx. 520, 522-523 (6th Cir. 2013). The "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.,* 520 F.3d 516, 519 (6th Cir. 2008) (internal citation omitted). As the Sixth Circuit stated in *Bishop:*

> [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Even under Rule 12(b)(6), a complaint containing a statement of facts that merely creates a *suspicion* of a legally cognizable right of action is insufficient. (internal citations omitted) The factual allegations must be enough to raise a right to relief above the speculative level; they must state a claim to relief that is plausible on its face.

*Bishop*, 520 F.3d at 519 (internal citations omitted) (emphasis original). "At the very least, trial

3

and appellate courts should not have to guess at the nature of the claim asserted." *Kafele v. Lerner, Sampson & Rothfuss,* 161 Fed.Appx. 487, 491 (6th Cir. 2005). *See also Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988)(holding that "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.")

### III.

Plaintiff alleges that Defendant discriminated and/or retaliated against its members upon the basis of their national origin and, by doing so, Defendant ran afoul 42 U.S.C. §§ 1981 and 1982. [Docket No. 19, ¶¶ 26-36].

The relevant paragraphs of the Amended Complaint allege:

> That Louisa Lodging engaged in protected activity under 42 U.S.C. § 1981 when it complained to Falls Creek that its refusal to approve an assignment of the Ground Lease from Louisa Lodging to the prospective purchasers was **unlawful discrimination on the basis of ethnicity and national origin.**
> . . . .
> That Louisa Lodging engaged in protected activity under 42 U.S.C. § 1982 when it complained to Falls Creek that its refusal to approve an assignment of the Ground Lease from Louisa Lodging to the prospective purchasers was **unlawful discrimination on the basis of ethnicity and national origin.**

*Id.* at ¶¶ 27 and 33 (emphasis added).

As defendant points out, Sections 1981 and 1982 apply to discrimination upon the basis or race, not national origin. Courts, including the United States Supreme Court as well as the Sixth Circuit have held the same time and time again. *See, Jones v. Alfred H. Mayer Co.,* 392

4

U.S. 409, 413 (1968) *and Blank v. Cox*, 2000 U.S. App. LEXIS 24005, at *3-4 (6th Cir. Sep. 21, 2000). *See also, Ana Leon T. v. Fed. Res. Bank*, 823 F.2d 928, 931 (6th Cir. 1987)( "discrimination based solely on the place or nation of a plaintiff's origin is not actionable under §1981."); *El-Zabet v. Nissan N. Am., Inc.*, 211 F. App'x 460, 462 (6th Cir. 2006) "it is legally impossible to state a claim for national-origin discrimination under section 1981).

Indeed, in its response to Defendant's motion, Plaintiff appears to concede that national origin or ethnicity cannot be the basis for the claims alleged in Counts II and III of its Amended Complaint.

Yet, Plaintiff maintains that it asserted a viable claim of racial discrimination and that the motion should be overruled. The Court disagrees. Notably absent from the Amended Complaint are any factual allegations regarding the alleged acts of discrimination. Plaintiff makes no reference to any statement or action by Defendant disparaging, or even mentioning, the skin color, race, or any other alleged ethnic characteristic of its members. Plaintiff fails to specifically denotes what Defendant said or did that supports the claims of discrimination. Rather, Plaintiff's claim is a single conclusory allegation that Falls Creek imposed unreasonable conditions on Plaintiff's lease assignment "on account of the national origin of the prospective purchasers." Declaring that the Defendant discriminated against its members, without any details, is not sufficient. The lone allegation of discrimination is a mere conclusory assertion or, to quote *Bishop,* a "legal conclusion masquerading as a factual allegation." As set forth *supra*, *Twombly* requires more.

**IV.**

The Counts II and III of the Amended Complaint fail to pass *Twombly* muster.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Falls Creek, Inc.'s Partial Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 22] be **SUSTAINED** and that Counts II and III of the Amended Complaint be **DISMISSED**.

This is an **INTERLOCUTORY** and **NON- APPEALABLE ORDER.**

This 28th day of December, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge